UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM L HURLEY, | CASE NO. C14-5074 MJP |
| Plaintiff, | ORDER ON REPORT AND RECOMMENDATION |
| v. | |
| CAROLYN W COLVIN, | |
| Defendant. | |

THE COURT, after careful consideration of the Honorable Magistrate Judge John L. Weinberg's Report and Recommendation (Dkt. No. 16), Plaintiff William L. Hurley's Objections to the Report and Recommendation (Dkt. No. 17), and Defendant Carolyn W. Colvin's Response to Plaintiff's Objections (Dkt. No. 18), ADOPTS the Report and Recommendation and DISMISSES this case with prejudice.

**Background**

Plaintiff raises six objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erroneously concluded that the Administrative Law Judge ("ALJ") did not err in finding Plaintiff does not meet any Listing; (2) the Magistrate Judge erroneously concluded the ALJ did not err in evaluating the limitations caused by Plaintiff's obesity; (3) the Magistrate

ORDER ON REPORT AND
RECOMMENDATION- 1

Judge erroneously concluded that medical opinion evidence was properly assessed by the ALJ; (4) the Magistrate Judge erroneously concluded that the ALJ provided adequate justification for her determination of Plaintiff's credibility; (5) the Magistrate Judge erroneously concluded that the ALJ did not err in discounting lay witness testimony; and (6) the Magistrate Judge erroneously concluded that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence in the record. (Dkt. No. 17.) Plaintiff requests that the Court decline to adopt the Report and Recommendation and remand this case to the Commissioner for an award of benefits or for further proceedings. (Id. at 7.)

## Analysis

I.  Legal Standard

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

II.  Plaintiff's Objections to the Report and Recommendation

   A.  Listed Impairments

The Court finds that the ALJ did not err in concluding that Plaintiff does not meet a Listing.

Plaintiff argues the ALJ erred by not considering how Plaintiff's physical limitations, in combination with his mental limitations, impacted Plaintiff's "paragraph B" criteria for a listed impairment. (Dkt. No. 17 at 2.) Meeting the "paragraph B" criteria for a listed impairment requires "marked" limitations in at least two categories of functioning. The ALJ found Plaintiff had "moderate" but not "marked" difficulties in activities of daily living, social functioning, and regarding concentration, persistence, or pace. (Dkt. No. 7-2 at 22-23.) Plaintiff argues the ALJ

committed harmful error in not considering how Plaintiff's physical limitations, in combination with his mental limitations, affect his activities of daily living, social functioning, and concentration, persistence and pace, as required by Lester v. Chater, 81 F.3d 821 (9th Cir. 1996). (Dkt. No. 17 at 2.) Plaintiff contends that his testimony demonstrates how the combined effects of his physical and mental impairments limit his ability to function, generally; Plaintiff does not, however, advance a specific theory as to how he meets any particular listing based on those combined effects.

Judge Weinberg found Lester inapplicable because the Lester ALJ "erred in finding greater limitations in the paragraph B criteria were attributable to pain from physical impairments, yet failed to include them;" whereas the ALJ here made no such finding. (Dkt. No. 16 at 6.) Judge Weinberg concluded that the ALJ had considered both Plaintiff's physical impairments and mental impairments but found at most moderate limitations in each category of paragraph B functioning. (Id.)

The Court agrees with Judge Weinberg's conclusion that the ALJ considered both Plaintiff's physical and mental impairments when evaluating his paragraph B limitations. To the extent that the ALJ failed to consider a greater limitation based on combined mental and physical impairments, the Court cannot conclude that error harmed Plaintiff's case because there is no evidence Plaintiff would meet a Listing based on a greater limitation resulting from combined mental and physical impairments. The Court finds no error in the ALJ's finding that Plaintiff does not meet any Listing.

        B.     Obesity Limitations

The ALJ did not err in considering Plaintiff's limitations resulting from his obesity.

ORDER ON REPORT AND
RECOMMENDATION- 3

The ALJ found Plaintiff's obesity to be a severe impairment and noted that it must be considered "when evaluating the claimant's limitations at all steps of the sequential evaluation." (Dkt. No. 7-2 at 21.)  Plaintiff argues the ALJ erred by not specifying which particular limitations are caused by his obesity later in the decision, citing Ceyla v. Halter, 332 F.3d 1177 (9th Cir. 2003). (Dkt. No. 17 at 2-3.)  Judge Weinberg agreed that the ALJ did not explicitly tie a particular limitation to Plaintiff's obesity, but concluded that Plaintiff failed to demonstrate this was a harmful error because Plaintiff does not "assert or point to any evidence that demonstrates that his obesity causes limitations over and above those specified in [Plaintiff's] RFC." (Dkt. No. 16 at 7.)

The Court agrees with Judge Weinberg's conclusion.  The ALJ found Plaintiff's obesity to be a severe limitation and stated that she would consider it at each step of the process. Plaintiff does not point to a particular assessment that would have been resolved differently had the ALJ properly considered Plaintiff's obesity.  The Court finds that the ALJ did consider Plaintiff's obesity in her evaluation, and did not commit harmful error by failing to explicitly tie obesity to a particular limitation finding.

    C.  Medical Opinion Evidence

The ALJ did not err in evaluating the medical opinion evidence.

Plaintiff argues the ALJ erred by not assessing how the combined effects of Plaintiff's mental and physical impairments impacts Plaintiff's abilities under the paragraph B criteria. (Dkt. No. 17 at 3.)  Plaintiff argues this failure is a result of the ALJ's improper assessment of the weight to be given to the opinion of Doctor Lloyd, the doctor who opined on the combined effects of Plaintiff's mental and physical impairments.  (Id.)

ORDER ON REPORT AND
RECOMMENDATION- 4

Doctor Lloyd, the examining psychologist, opined on Plaintiff's limitations resulting from his mental impairments, and also opined that while he mentally "may be able to do a simple task for a period of time… he may not be physically able to endure even a simple task." (Dkt. No. 7-7 at 45.) The ALJ gave "little weight" to Lloyd's assessment because she found the opinion to be unsupported by his clinical findings, and because his opinion regarding physical limitations was outside the scope of his experience as a psychologist. (Dkt. No. 7-2 at 29.) Judge Weinberg found the ALJ's conclusions to be supported by specific and legitimate reasoning based on substantial evidence in the record. (Dkt. No. 16 at 9-10.)

The Court finds the ALJ's evaluation of Lloyd's opinion to be supported by specific and legitimate reasoning based on substantial evidence. The ALJ's conclusion that Lloyd's opinion on Plaintiff's physical limitations was outside of his expertise as a psychologist is reasonable. The ALJ also found significant that Plaintiff had not informed Lloyd that he had been approved for retraining as an office employee but declined because he did not want to work indoors, something which reasonably could have impacted Lloyd's opinion and which the ALJ believed undermined Lloyd's opinion that Plaintiff was incapable of performing tasks for physical reasons. The Court finds that the ALJ's reasoning is supported by substantial evidence in the record, and thus the ALJ did not err in evaluating the medical evidence.

### D. Plaintiff's Credibility Regarding Symptom Severity

The ALJ did not err in determining Plaintiff's credibility.

The ALJ determined that, while there is no evidence of malingering, not all of Plaintiff's symptom allegations were credible. (Dkt. No. 7-2 at 24.) Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of his symptoms. See Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).

1  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible
2  and what evidence undermines the claimant's complaints." <u>Lester</u>, 81 F.3d at 834.  In weighing a
3  claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies
4  either in his testimony or between his testimony and his conduct, his daily activities, his work
5  record, and testimony from physicians and third parties concerning the nature, severity, and
6  effect of the symptoms of which he complains. See <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th
7  Cir. 1996) (citations omitted).

8        Judge Weinberg found the ALJ's reasons for finding Plaintiff's credibility reduced to be
9  clear, convincing, and based on substantial evidence in the record.  (Dkt. No. 16 at 11.)  The ALJ
10 gave five reasons for finding that some of Plaintiff's symptom allegations were not as severe as
11 alleged: (1) Plaintiff's allegation of disabling physical limitations are inconsistent with a number
12 of clinical findings; (2) Doctor Epler, Plaintiff's treating physician, released him to do at least
13 sedentary work, but Plaintiff declined retraining because he did not want to do an indoor job; (3)
14 Plaintiff's mental impairments have improved without medication or counseling and with little
15 treatment; (4) Plaintiff's allegations of disabling mental limitations are inconsistent with a
16 number of clinical findings; and (5) Plaintiff's daily activities, including light chores, computer
17 use, and some social activities, involve physical and mental functions that would be transferable
18 to a work setting.  (Dkt. No. 7-2 at 24-26.)

19       The Court finds the ALJ's reasoning clear, convincing, and based on substantial evidence
20 in the record.  The ALJ did not err in determining that some of Plaintiff's subjective symptom
21 complaints are not supported by the record, and in assessing Plaintiff's credibility accordingly.

22       E.    Lay Witness Testimony

23       The ALJ did not err in discounting lay witness testimony from Plaintiff's spouse.

24

ORDER ON REPORT AND
RECOMMENDATION- 6

The ALJ determined that the testimony from Plaintiff's wife had "some probative value," but discounted it for essentially the same reasons that the ALJ discounted Plaintiff's credibility, namely that the testimony was somewhat inconsistent with Plaintiff's daily activities. (Dkt. No. 7-2 at 29.) To discount lay witness testimony, the ALJ must give reasons germane to each witness. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." (citations omitted)).

The Court agrees with Judge Weinberg that the ALJ provided reasoning germane to Plaintiff's wife in limiting the probative value of her testimony. (Dkt. No. 16 at 12.) The ALJ did not err in assessing the lay witness testimony.

    F. Residual Functional Capacity and Questions to the Vocational Expert

The ALJ did not err in determining Plaintiff's RFC.

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC because of the errors discussed above, and, had the ALJ not made those errors, Plaintiff would be found to be unable to sustain simple repetitive tasks on a regular and continuing basis. (Dkt No. 17 at 7.) Plaintiff argues this determination requires a finding of disability because the vocational expert testified that such an individual would be incapable of sustaining employment. (Id.)

The Court has not found error in the ALJ's determinations discussed above, and agrees with Judge Weinberg that the ALJ's RFC determination was supported by substantial evidence in the record and was not based on legal error. (Dkt. No. 16 at 13.) Accordingly, the Court finds the ALJ did not err in determining Plaintiff's RFC.

**Conclusion**

The Court ADOPTS the Report and Recommendation of Magistrate Judge Weinberg. Judge Weinberg correctly found the ALJ's decision was free of legal error and supported by the substantial evidence. The Commissioner's decision is AFFIRMED and the case DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of December, 2014.

Marsha J. Pechman
Chief United States District Judge